**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**SHENITA AVERY**                                                                                **PLAINTIFF**

**v.**                                                                        **CIVIL ACTION NO. 3:24-cv-248-BJB**

**BETHANNI FORBUSH MOSS**                                                    **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Shenita Avery, proceeding *pro se*, filed this legal-malpractice case. Because Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915, the Court must undertake a preliminary review of the complaint. *See* 28 U.S.C. § 1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007).

**I. STATEMENT OF CLAIMS**

Plaintiff sues her former attorney, Bethanni Forbush Moss, for legal malpractice and breach of contract. She alleges that in representing her in a state-court medical negligence case stemming from the death of Plaintiff's child, Defendant "acted with complete negligence," DN 1, PageID #: 6, which resulted in Plaintiff's accepting a settlement of $195,000. If Defendant had adequately prepared the case, according to Plaintiff, the settlement would have been worth at least $5,000,000. *Id*. at PageID #: 7-10. Plaintiff also alleges that she and Defendant entered an agreement for legal representation in Plaintiff's criminal case for payment of $6,000 if the case concluded without a trial and $12,000 if a trial took place. *Id*. at PageID #: 8. Yet, although there was no trial in the criminal case, Defendant deducted $12,054 from the settlement in Plaintiff's medical negligence case. *Id*.

As relief, Plaintiff requests $4,000,000 in damages. *Id*. at PageID #: 11.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the Complaint. *See* § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 608-09. A case must be dismissed if it is "frivolous or malicious," fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), a complaint must include "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). In bringing suit, plaintiffs bear the burden of establishing that subject-matter jurisdiction exists. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Typically, a plaintiff establishes a federal court's subject-matter jurisdiction by demonstrating that a right created by the Constitution or laws of the United States is an essential element of the claim, so that federal-question jurisdiction exists under 28 U.S.C. § 1331, or by demonstrating that the plaintiff and the defendant are citizens of different states and that the amount in controversy exceeds $75,000, so that diversity jurisdiction exists under 28 U.S.C. § 1332. Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

The Complaint indicates that the basis for federal court jurisdiction is federal question. DN 1, PageID #: 4. Federal district courts have jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." § 1331; *see also Gunn v. Minton*, 568 U.S. 251, 257, (2013) ("[A] case arises under federal law when federal law creates the cause of action

asserted.").  The Complaint, however, contains only state-law negligence and breach-of-contract claims.  It identifies no federal law that Plaintiff seeks to invoke.  Even construing the Complaint liberally, as is required for *pro se* litigants, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hill v. Lapin*, 630 F.3d 468, 471 (6th Cir. 2010), the Court cannot discern any federal cause of action from the facts alleged.  The Complaint, therefore, fails to establish federal-question jurisdiction.

Additionally, Plaintiff fails to establish diversity jurisdiction.  For a federal court to have diversity-of-citizenship jurisdiction pursuant to § 1332, complete diversity is required.  That means that every plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000.  *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68(1996).  Plaintiff fails to establish diversity jurisdiction: according to the Complaint, both she and Defendant are citizens of Kentucky.  *See* DN 1, PageID #: 2; § 1332.

### III. CONCLUSION

For the foregoing reasons, the Court will enter a separate Order dismissing this case for lack of subject-matter jurisdiction.

Date:  November 5, 2024

Benjamin Beaton, District Judge
United States District Court

cc:      Plaintiff, *pro se*
         Defendant
B213.009

3